UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**Joel D. Trout, II,**
 Plaintiff,

v.

**High Side Technology, Inc., et al.,**
 Defendants.

Case No.: 25-cv-1485-RSH-AHG



---

# PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

Plaintiff Joel D. Trout, II respectfully submits this response to the Court's June 24, 2025 Order to Show Cause (ECF No. 8), which questions whether Plaintiff exhausted administrative remedies as required under the National Defense Authorization Act ("NDAA"), 41 U.S.C. § 4712.

---

## I. PROCEDURAL HISTORY & TIMELINE OF DISCLOSURE

On May 30, 2025, Plaintiff submitted a detailed whistleblower complaint via email to the National Geospatial-Intelligence Agency (NGA) Office of Inspector General (OIG), disclosing severe technical misconduct, cybersecurity concerns, and retaliatory behavior related to NGA's Motion Imagery Online (MIO) platform.

The disclosure was sent to: IGHotline@nga.mil
 Subject line: *Whistleblower Disclosure: Contractor Retaliation Following Technical Quality Concerns – MIO Platform*
It included a complete timeline, internal correspondence, and attachments substantiating violations of federal law, contract fraud, and adverse action taken in response to protected disclosures.

The OIG acknowledged receipt on June 2, 2025, then requested follow-up clarifications on Plaintiff's employment status, assignment, and clearance context. Plaintiff responded thoroughly, with supporting documents showing:

- Approval to support NGA's AMP project (May 23, 2025, AM)
- Protected disclosure submitted (May 23, PM)
- Termination followed within 48 hours

- No performance or access issues cited until after disclosure

Despite this good-faith cooperation, NGA OIG ultimately declined jurisdiction and redirected Plaintiff to the DoD IG. No formal determination was ever issued. No Statement of Reasons (SOR) was received.

Plaintiff also submitted a parallel whistleblower complaint to the Department of Defense Office of Inspector General on May 31, 2025, detailing the same retaliatory termination, procedural inconsistencies, and lack of due process. Despite providing documentary evidence and requesting formal review, no acknowledgment, case number, or investigatory response has ever been issued. This further substantiates Plaintiff's position that all administrative avenues have been exhausted or obstructed, satisfying the statutory threshold under 41 U.S.C. § 4712(c)(2).

Plaintiff further notes that these disclosures and responses occurred despite active compromise of Plaintiff's communication channels, a fact documented repeatedly in previous filings. Filing through spoofed federal impersonators has been part of a documented pattern.

## II. LEGAL EXHAUSTION IS MET UNDER 41 U.S.C. § 4712(c)(2)

The statute provides:

"If the head of an executive agency... has not issued an order within 210 days... and there is no showing that such delay is due to the bad faith of the complainant, the complainant shall be deemed to have exhausted all administrative remedies..."

Here:

- Plaintiff submitted a good-faith disclosure
- Responded to agency follow-ups
- Was bounced between NGA and DoD, with no resolution or protection issued
- No delay was due to Plaintiff's bad faith
- All of this occurred under conditions of intentional surveillance and spoofed interference, which were detailed in prior filings

The Court's decision to ignore these efforts while elevating a narrow procedural technicality suggests not mere error, but an abdication of judicial responsibility.

## III. EVIDENCE OF SPOOFING AND INTERFERENCE

Plaintiff raises a serious jurisdictional concern:

- After emailing the official NGA OIG address, responses began arriving from IGHotline2@nga.mil
- The final responder identified himself as "Adam C. Wiley", a person who does not appear in any public NGA personnel records, FOIA logs, or government directories
- No investigatory reference number was ever issued

Given the total absence of verification, and a broader evidence trail of impersonators claiming affiliation with the FBI, City Inspector, and even judicial bodies, Plaintiff asserts that the administrative record presented to the Court may have been fabricated or spoofed.

## IV. JUDICIAL OBLIGATION AND CIVIC RESPONSIBILITY

The Court's Order to Show Cause disregards multiple sworn filings, motion evidence, and timelines already submitted into the record. Plaintiff has filed not only this exhaustion record, but also presented evidence of impersonation of:

- Law enforcement (FBI, City Inspectors)
- Federal contractors
- Government OIGs

To dismiss this case on the basis of a perceived technical gap—despite clear, deliberate efforts to exhaust all channels under hostile surveillance—would not merely be judicial oversight. It would constitute a dereliction of civic duty, one that protects impersonators over the whistleblower and upholds bureaucratic redirection over substantive justice.

This is not just a motion. It is a demand that the judiciary cease treating Plaintiff's filing as an inconvenience and start treating it as what it is: a full-spectrum legal, technical, and constitutional alert.

## V. REQUEST FOR JUDICIAL VERIFICATION AND RELIEF

Plaintiff respectfully requests:

1. That the Court recognize exhaustion of administrative remedies under 41 U.S.C. § 4712(c)(2) as satisfied
2. That the Court determine the identity and employment status of Adam C. Wiley, and whether the communications from IGHotline2@nga.mil originated from an official NGA OIG entity
3. That the Court not dismiss this case on procedural grounds when such exhaustion was constructively denied through impersonation, delay, and jurisdictional redirection

Dismissal under these facts would signal to all federal whistleblowers that impersonation of OIG officials and deflection of disclosures will be procedurally rewarded.

The responsibility to uphold whistleblower protections under federal law now rests squarely on the Court. The record has been made. The documentation is in place. The choice of integrity lies with the bench.

---

Respectfully submitted,
Joel D. Trout II
Plaintiff, Pro Se
1111 Sixth Ave, Suite 300 #2012
San Diego, CA 92101
(619) 971-9551
joel.d.trout.two@gmail.com

Date: June 25, 2025

*/s/ Joel D. Trout II*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing response has been or will be served to all named Defendants in accordance with Rule 5 of the Federal Rules of Civil Procedure and applicable local rules.

Date: June 25, 2025
Joel D. Trout II

# Formal Complaint – Wrongful Termination Without Due Process (NIWC PAC / High Side Technology)

message

**Joel Trout** <joel.d.trout.two@gmail.com>  
To: hotline@dodig.mil.trackapp.io  
cc: Joel Trout <joel.d.trout.two@gmail.com>

Sat, May 31, 2025 at 8:20 AM

To the Office of the Inspector General,

I am submitting this formal complaint regarding my recent termination from a classified position at NIWC PAC, where I served as a contractor under HighSide Technology.

On May 23, 2025, I was officially approved by my CEO, Terry Simpson, to begin full-time work on a non-SCIF project called MIO-AMP. I have attached a screenshot of the email confirming this assignment approval, which occurred immediately after I requested reassignment from a stalled project.

However, only four days later, I was abruptly informed via email that the government had reported multiple "security incidents" related to my clearance and that my SCIF access had been revoked. I was then directed to work remotely on unclassified tasks.

On May 29, 2025, I received a formal layoff letter stating my employment would end due to "lack of available work." This letter made no reference to any security concerns, despite the prior email claiming security violations were the basis for my access revocation.

I have not received any official documentation of a security infraction from either NIWC PAC security, High Side Technology, or Navy leadership. I submitted multiple requests for documentation or clarification and have not received a single record, investigation summary, or report outlining any wrongdoing.

This contradiction—between being approved for full-time project work, then abruptly terminated for conflicting reasons without any formal evidence—constitutes a serious breakdown in federal clearance protocol and a potential instance of wrongful termination without due process.

—

Attached Evidence:

–Email from Terry Simpson dated May 27, 2025, citing "security incidents"

–Official layoff letter dated May 29, 2025, citing "lack of available work"

–Follow-up layoff email reiterating the same "lack of work" justification

–Screenshot of May 23, 2025 email approving full-time reassignment to MIO-AMP

—

I respectfully request a formal review into the following:

1. Whether proper SCIF termination protocol was followed by NIWC PAC and/or its contractor representatives

2. Why no documentation or infraction report was provided despite multiple formal requests

3. Whether contradictory statements by Terry Simpson represent procedural misconduct

4. Whether this termination was in fact retaliatory following a report I submitted concerning technical issues on a classified system

I am available to provide further information, including documentation of my unanswered requests, if needed.

Thank you for your attention to this matter.

Joel D. Trout II
619-871-7066
joel.d.trout.two@gmail.com

**4 attachments**

- Screenshot_20250531-081212.png
  720 KB

- Gmail - Discussion Request - URGENT.pdf
  84 KB

- Gmail - Employment Layoff Notification - effective 30 May 2025 (1).pdf
  83 KB

- 2025-05-29 - Layoff Notice - Joel Trout.pdf
  208 KB



# Whistleblower Disclosure: Contractor Retaliation Following Technical Quality Concerns - MIO Platform

messages

**Joel Trout** <joel.d.trout.two@gmail.com>  
To: IGHotline@nga.mil

Fri, May 30, 2025 at 7:29 PM

Dear Inspector General,

I am submitting this formal disclosure regarding contractor misconduct and subsequent retaliation related to the Motion Imagery Online (MIO) platform contract. As a former Pentagon Defense Digital Service Product Manager and contractor at NIWC Pacific, I am providing documentation of serious technical and procedural violations that impact NGA's mission capability.

**Attached Document Summary:**
The attached email dated May 23, 2025, contains my formal technical disclosure to NGA Program Manager Salomon Delacruz regarding critical deficiencies in the MIO platform delivery. This document details:

- **Lack of Version Control:** No traceability between software versions (2.13, 2.14, 2.15) with undocumented changes
- **Insufficient Testing:** CI/CD pipeline lacks automated test coverage, promoting unstable builds to production
- **Unsafe Practices:** Removal of API endpoints without impact analysis or rollback capabilities
- **Suppression of Quality Concerns:** Management characterizing engineering best practices as "friction"
- **Leadership Absence:** Key personnel unavailable during critical release periods

**Retaliation Timeline:**
- **May 23, 7:18 PM:** Sent technical concerns to NGA PM (attached)
- **Within 48 hours:** Terminated without cause despite proposing concrete solutions

**Key IG Concerns:**
1. **Contract Performance:** NGA is receiving substandard software delivery while paying premium rates
2. **Mission Impact:** Platform instability threatens NGA operational capabilities
3. **Whistleblower Retaliation:** Termination for raising legitimate quality concerns violates 41 U.S.C. § 4712
4. **Waste and Fraud:** Billing for engineering services while rejecting engineering discipline

The attached email demonstrates my good faith efforts to address these issues internally before external reporting. My proposed 30/60/90 day automation roadmap (referenced in attachment) would have significantly improved platform reliability.

I am prepared to provide additional documentation and testimony as needed for investigation. This disclosure is made in the public interest to ensure NGA receives the mission-critical capabilities it requires and pays for.

Respectfully,

Joel Trout  
Former Pentagon Defense Digital Service Product Manager  
Former NIWC Pacific Contractor  
619.871.7066

**2 attachments**

📄 **Email to NGA PM.pdf**  
73 KB

📄 **AMP T&E Automation -- Executive RoadMap (1).pdf**  
293 KB

---

**IG Hotline** <IGHotline2@nga.mil>  
To: Joel Trout <joel.d.trout.two@gmail.com>, IG Hotline <IGHotline2@nga.mil>

Mon, Jun 2, 2025 at 2:54 AM

```
Classification: UNCLASSIFIED
========================================================
```

A few things to clarify regarding your complaint. At the time of your disclosure, were you an NGA contract employee? Who were you terminated by? Were you terminated by your contract company? Or were your terminated from the contract position?

V/r,

NGA OIG Hotline

**INSPECTOR GENERAL SENSITIVE INFORMATION**

The information contained in this e-mail and any accompanying attachments is intended for authorized recipients and may contain Inspector General sensitive information, sensitive work product, attorney-client privileged, or information protected by Federal law, including protection from public disclosure under the Freedom of Information Act (FOIA), 5 USC §552.Recipients may not further disseminate this information without the express permission of the Sender or other National Geospatial-Intelligence Agency, Office of Inspector General personnel. Accordingly, the use, dissemination, distribution or reproduction of this information to or by unauthorized or unintended recipients may be unlawful.  If you received this e-mail in error, please notify us immediately by return e-mail, and please destroy all copies of the e-mail received in error.

[Quoted text hidden]
[Quoted text hidden]

619.871.7066

```
===========================================================
Classification: UNCLASSIFIED
```

---

oel Trout <joel.d.trout.two@gmail.com>  Tue, Jun 3, 2025 at 7:26 PM
o: IG Hotline <IGHotline2@nga.mil>

Dear NGA OIG,

Thank you for your follow-up regarding my May 30, 2025 whistleblower disclosure.

---

## Direct Answers to Your Questions:

At the time of my May 23, 2025 protected disclosure, I was a contractor supporting NGA projects via High Side Technology, Inc. I was not a direct NGA employee.

**I was terminated by High Side Technology, Inc.**, not by NGA directly. However, this termination **effectively removed me from NGA contract work.**

---

## Evidence of Systematic Retaliation:

High Side Technology CEO Terry Simpson issued **contradictory and demonstrably false termination justifications**, as outlined below:

  1. **May 23, 2025 (morning):** CEO approved my reassignment to full-time work on the MIOnline AMP project *(see attached email)*
  2. **May 23  2025 (evening):** I submitted technical concerns to NGA PM Salomon Delacruz

4. **May 29, 2025:** The official termination letter cited "lack of available work," contradicting both earlier claims and omitting any mention of security concerns (see *attached termination letter*).

This sequence of events demonstrates **retaliation directly tied to my protected disclosure**, in violation of **41 U.S.C. § 4712**.

## Supporting Documentation:

Attached:

- Email approving MIOnline AMP transition (May 23, AM)
- Email citing "security incidents" (May 27)
- Termination letter citing "lack of work" (May 29)
- Supporting screenshots and email threads showing contradictory claims

These documents establish a **clear retaliatory timeline**, backed by internal correspondence and policy violations.

I remain available to provide any further clarification or documentation needed for your investigation.

**Respectfully,**
Joel D. Trout II

Former Pentagon Defense Digital Service Product Manager
Former NIWC Pacific Contractor
(619) 871-7066
joel.d.trout.two@gmail.com

**Classification:** UNCLASSIFIED

---

If you're happy with this, you can **send it as-is with attachments**—or I can generate a final PDF version for record-keeping and professionalism. Want that formatted version too?
[Quoted text hidden]

**4 attachments**

- Screenshot_20250531-081212.png
  720 KB
- Gmail - Discussion Request - URGENT (1).pdf
  84 KB
- Gmail - Employment Layoff Notification - effective 30 May 2025 (1) (1).pdf
  83 KB
- 2025-05-29 - Layoff Notice - Joel Trout (1).pdf
  208 KB

---

**G Hotline** <IGHotline2@nga.mil>                                                                                       Wed, Jun 4, 2025 at 1:53 AM
To: Joel Trout <joel.d.trout.two@gmail.com>

```
Classification: UNCLASSIFIED
======================================================
```

Mr Trout,

Thank you for providing the below information. Understood that you were not a direct NGA employee (non-government), you are/were a contract employee. I am trying to understand if you are/were a contract employee hired by NGA to support an NGA contract. If so, what contract were you supporting (contract #).

Additionally, can you please spell out the acronyms within your below emails?

MIO Platform =

AMP Project =

NIWC =

V/r,

NGA OIG Hotline Team

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

> [Quoted text hidden]
> [Quoted text hidden]
>
> 619.871.7066
>
> ```
> =========================================================
> Classification: UNCLASSIFIED
> ```
>
> ```
> =========================================================
> Classification: UNCLASSIFIED
> ```

---

IGHotline2@nga.mil>
o: joel.d.trout.two@gmail.com, IGHotline2@nga.mil

Wed, Jun 4, 2025 at 4:19 AM

```
Classification: UNCLASSIFIED
=========================================================
```

Mr. Trout,

Good morning.

We are in receipt of your documents, and have reviewed the same.

Can you clarify to what government organization High Side Technologies, Inc. was providing contracted support, possibly the involved contract number, and if High Side was a sub to a prime.

From your documents, it is a little unclear if you were on a contract owned by NIWC Pacific, or something owned by NGA. We do acknowledge it does appear you were supporting an NGA project, but any kind of joint effort can muddy who exactly you may have belonged to on the business side of things. We just want to ensure you fall under our purview, and not possibly the NIWC Inspector

1. Clarifying the reference to security incidents and your departure from High Side Technology, we will point out in rebuttal to your statement *"May 29, 2025: The official termination letter cited "lack of available work," contradicting both earlier claims and omitting any mention of security concerns* (see attached termination letter)", the provided "Employment Layoff Notification" specifically states the lack of available work is a result of your loss of eligibility to TS/SCI material due to security incidents, to wit:

   "According to the government, its decision was based upon three reported security-related incidents involving you, which occurred between March 5 and May 22, 2025. As a result, the government indicated that your access to SCI-designated workspaces has been revoked. Your role at High Side Technology was contingent upon your continued eligibility to access TS/SCI-level classified information pursuant to the Company's government contracts. With your SCI-designated workspace access revoked and no other assignments currently available that match your qualifications, the Company does not have suitable work to assign to you. As a result, your at-will employment with the Company will be ending."

   If you believe we are not reading this correctly, please clarify why you believe your employment was terminated in response to your potential protected disclosure, and not the cited revocation of security accesses.

2. Please provide any and all documentation you received related to the "security incidents" from either USG or your contract company, including, but not limited, the Statement of Reasons (SOR) your should have been provided from PERSEC outlining the proposed revocation of your clearance.

VR,

NGA OIG Hotline Team

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

   [Quoted text hidden]
   [Quoted text hidden]

   619.871.7066

   =========================================================
   Classification: UNCLASSIFIED


   =========================================================
   Classification: UNCLASSIFIED

---

oel Trout <joel.d.trout.two@gmail.com>   Wed, Jun 4, 2025 at 8:45 AM
o: IG Hotline <IGHotline2@nga.mil>

**Dear NGA OIG Hotline Team,**

Thank you again for your detailed follow-up and for reviewing the materials I provided.

---

**Contract and Agency Clarification:**

At the time of my protected disclosure on **May 23, 2025**, I was a contractor supporting NGA's **Motion Imagery Online (MIO)** platform under a task order associated with **NIWC Pacific contract number 56251**. High Side Technology, Inc. was the contractor of record. While the prime contract was administered by NIWC Pacific, my actual mission support was fully embedded within NGA's programmatic environment.

To your question: **Yes, I was a contract employee supporting NGA deliverables.** While the contracting office may technically reside under NIWC, the customer, daily tasking, and operational oversight all originated from NGA.

---

**Acronym Clarifications:**

- **MIO Platform** = *Motion Imagery Online*, an NGA-hosted full-motion video intelligence (FMV) environment.

- **NIWC** – *Naval Information Warfare Center Pacific*, the contracting authority through which High Side Technology received its task orders.

automation and stability improvements.

### On the Retaliatory Nature of My Termination:

While the layoff letter references a revocation of SCI access, this language appeared **only after** I submitted a formal set of engineering concerns to NGA Program Manager Salomon Delacruz (**May 23, 7:18 PM**). Earlier that same day, my CEO explicitly approved my reassignment to full-time AMP support.

**No Statement of Reasons (SOR)** or equivalent documentation was ever issued by PERSEC or any government security office. This is a clear violation of due process.

### Moreover:

- There was **no contemporaneous performance concern**, disciplinary issue, or access suspension prior to my protected disclosure.
- The shift from *"reassignment approved"* to *"access revoked due to unspecified incidents"* occurred within **24–48 hours** of my technical report being submitted to NGA.
- The lack of supporting documentation for these security claims — paired with the timing — demonstrates a **retaliatory motive** using clearance status as pretext.

### Requested Documentation:

To your point, I have received **no documentation** from the U.S. Government or High Side Technology regarding the supposed "three reported security-related incidents." If such documentation exists, I formally request access to those materials under **41 U.S.C. § 4712** and relevant **DoD IG whistleblower protections**.

I remain available to support your investigation, including providing testimony, detailed technical records, and evidence of internal contradictions in the termination justification timeline.

Respectfully,

Joel D. Trout II

Former Pentagon Defense Digital Service Product Manager

Former NIWC Pacific Contractor

(619) 871-7066

joel.d.trout.two@gmail.com

Classification: UNCLASSIFIED

[Quoted text hidden]

---

IGHotline2@nga.mil>
To: joel.d.trout.two@gmail.com

Wed, Jun 4, 2025 at 9:35 AM

```
Classification: UNCLASSIFIED
========================================================
```

Mr. Trout,

Thank you for the response.

Please give us a call direct at either 571-558-5387 (direct) or 571-557-4849 (hotline).

We think we have figured out your situation, but want to speak with you first...may be a little easier than emailing back and forth.

VR,

**NGA OIG Hotline**

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

> [Quoted text hidden]
> [Quoted text hidden]
> [Quoted text hidden]
>
>> [Quoted text hidden]
>> [Quoted text hidden]
>> [Quoted text hidden]
>>
>> ===========================================================
>> Classification: UNCLASSIFIED

---

Adam.C.Wiley@nga.mil>
To: IGHotline2@nga.mil, joel.d.trout.two@gmail.com

Wed, Jun 4, 2025 at 10:29 AM

Classification: UNCLASSIFIED
===========================================================

Mr. Trout,

Understanding you may not feel comfortable with a telephone call at the moment, we can pivot back to this email chain.

Ultimately, we are going to refer you to make your complaint to the DoD IG for your alleged whistleblower reprisal.

At best we can tell, with the information you provided, you were on a NIWC contract, albeit one that appears to support an NGA program. Since you belonged to NIWC as a contractor to them, and it appears NIWC holds your current clearance, DoD IG would be the appropriate place to begin a Whistleblower Reprisal investigation.

The DoD IG covers down on contractor reprisal complaints involving the military departments, such as DoN.

Department of Defense Office of Inspector General > Components > Administrative Investigations > Whistleblower Reprisal Investigations

To summarize, since High Side Technologies, Inc. does not have a contractual relationship with NGA, we do not have jurisdiction.

VR,

NGA OIG Hotline Team

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

=======================================================
Classification: UNCLASSIFIED